UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY K. SCHERBAK,<br><br>Plaintiff,<br><br>v.<br><br>THE WOLF LAW FIRM, a California partnership; SELECT PORTFOLIO SERVICING, a Utah corporation; WELLS FARGO BANK, a nationally banking association; BANK OF AMERICA, a nationally banking association; BLACK AND WHITE INDIVIDUAL DOE DEFENDANTS 1-10; BLACK AND WHITE CORPORATE DOE DEFENDANTS 1-10,<br><br>Defendants. | No. 2:17-cv-01521-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT SELECT PORTFOLIO SERVICING INC. AND WELLS FARGO BANK, N.A.'S MOTION TO DISMISS** |

This matter is before the Court on Defendants Select Portfolio Servicing, Inc. and Wells Fargo Bank, N.A.'s (collectively, "Defendants") Motion to Dismiss for failure to state a claim upon which relief can be granted. Mot., ECF No. 29. Mary K. Scherbak ("Plaintiff") filed an opposition to Defendants' motion, Opp'n, ECF No. 30, to which Defendants replied, Reply, ECF No. 31. For the reasons discussed below

1

the Court grants Defendants' Motion to Dismiss.[1]

I. BACKGROUND

On July 23, 2004, joint tenants William Scherbak and Mary K. Scherbak ("Borrowers") borrowed $255,000.00 from Argent Mortgage Company, LLC ("Lender"), secured by the property at 403 Pleasant Valley Road, Markleville, CA 96120 ("the Property"). Request for Judicial Notice ("RJN"), Ex. 1, ECF No. 29-1, pp. 4-20. Lender appointed Town and Country Title Services, LLC ("Trustee") as the original trustee. Id. at 6. Under the Deed of Trust, Borrowers "promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 1, 2034. Id. Lender reserved the right to appoint a successor trustee to succeed all title, powers, and duties conferred upon the original trustee. Id. at 17. Lender transferred all beneficial interest in the Deed of Trust to Ameriquest Mortgage Company on July 31, 2004. RJN, Ex. 2, ECF No. 29-2, pp. 21-23. That same day, Ameriquest transferred all beneficial interest in the Deed of Trust to Wells Fargo Bank, N.A., as Trustee, for the Certificate Holders of Asset-Backed Pass-Through Certificates, Series 2004-WCW2 ("the Trust"), courtesy of Select Portfolio. RJN, Ex. 3, ECF No. 29-2, pp. 24-27.

On May 26, 2016, an agent for the beneficiary filed and recorded a Notice of Default and Election to Sell Under Deed of Trust at the Alpine County Recorder's Office. RJN, Ex. 4, ECF No. 29-2, pp. 28-43. Attached to the Notice of Default was a

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 21, 2018.

2

California Declaration of Compliance signed by Select Portfolio agent Toon Hobbs. Id. at 32.

Plaintiff filed a lawsuit in Alpine County on July 6, 2017, seeking a temporary restraining order, as well as preliminary and permanent injunctions against foreclosure. Notice of Removal, Ex. A, ECF No. 1, pp. 5-25. Along with the complaint, Plaintiff included a legal advertisement from Newport Law offering a free consultation on foreclosure. Id. at 10-11. The letter was titled "IMPORTANT INFORMATION REGARDING YOUR MORTGAGE WITH: The Wolf Firm A Law Corporation" and stated that Newport Law was "not an affiliated nor associated with the lender listed above or any Government agency." Id. Based on that advertisement, Plaintiff concluded her foreclosure had been suspended. Compl. at 3 ¶ 9. Plaintiff's request for a restraining order was accompanied by her unsigned declaration. Id. at 17-18. The Superior Court judge granted Plaintiff a restraining order and scheduled a show cause hearing for July 21, 2017. Id. at 13-14.

Defendants removed the case to the Eastern District of California based on federal question jurisdiction on July 21, 2017. Notice of Removal. Plaintiff amended her complaint on August 12, 2017, First Am. Compl., ECF No. 6, and again on February 23, 2018. Second Am. Compl. ("SAC"), ECF No. 23.

II. OPINION

A. Requests for Judicial Notice

Defendants' request that the Court take judicial notice of the four documents related to the foreclosure of the Property. RJN at 1-3. All four documents are publicly recorded with the Alpine County Recorder: a July 23, 2004 Deed of Trust for the

Property, recorded August 19, 2004; two July 31, 2004 Corporation Assignments of the Deed of Trust, recorded on February 10, 2016; and a May 26, 2016 Notice of Default and Election to Sell Under the Deed of Trust, recorded on June 2, 2016. RJN, Exs. 1-4. Plaintiff objects to Defendants' request for judicial notice, claiming it converts the motion to dismiss into a motion for summary judgment and "disput[ing] the truthfulness of the contents of all of the recorded documents." Opp'n at 5, 12.

"Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion . . . it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).

Federal courts apply the Federal Rules of Evidence and thus Plaintiff's reliance on state law is unpersuasive. See Primiano v. Cook, 598 F.3d 558, 563 (9th Cir. 2010), as amended (Apr. 27, 2010) (instructing that the Federal Rules of Evidence govern all proceedings in the courts of the United States); Opp'n at 10-11 (citing to Herrera v. Deutsche National Bank, 196 Cal. App 4th 1366 (Ct. App. 2011)). To take judicial notice of a fact, the fact must be either "generally known within the trial court's territorial jurisdiction" or able to be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. While courts may take judicial notice of matters of public record, they may not take judicial

notice of "disputed facts stated in public records." See Lee, 250 F.3d at 690.

The Court grants Defendants' request for judicial notice in part. The Court notices the existence of the four documents and their recording with the Alpine County Recorder. The Court does not take judicial notice of the disputed fact in the California Declaration of Compliance of Exhibit 4, i.e., whether Toon Hobbs made contact with Borrowers on September 16, 2015 regarding their financial situation and explored options for the Borrowers to avoid foreclosure. ECF No. 29-1, p. 32.

B. Defendants' Motion to Dismiss

1. Count I: Fair Debt Collection Practices Act (FDCPA)

Plaintiff brings her first claim under the FDCPA, 15 U.S.C. § 1692c(a)(2), against Defendant Select Portfolio and former Defendant Bank of America.[2] Sec. Am. Compl. ("SAC"), ECF No. 23, p. 4. Defendants move to dismiss this claim for two reasons: (1) Plaintiff's claim is barred by the statute of limitations based on the date alleged; and (2) Plaintiff failed to allege specific facts that Select Portfolio is a "debt collector." Mot. at 5-7.

a. Statute of Limitations

FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d). It follows that any violations preceding July 6, 2016—one year before Plaintiff filed her Complaint—are time-barred. Plaintiff's Complaint does

---
[2] Bank of America was dismissed per the parties' stipulation in October 2017. See ECF Nos. 10, 13. Plaintiff filed her Second Amended Complaint in February 2018, still naming Bank of America as a Defendant in this claim. ECF No. 23.

5

not clearly state the dates when her allegations under 15 U.S.C. § 1692c(2)(a) occurred, instead alleging merely that Defendant was placed on notice that she had counsel in "early 2015" and "[m]any of [the allegedly violative calls and letters] occurred within 1 (one) year of filing this complaint." SAC at 3-4. Plaintiff has not provided any argument or evidence that she was unable to discover the alleged violations at the time they occurred. Plaintiff could only pursue her FDCPA claim if there were factual allegations of prohibited calls or correspondence from Defendants in the period of July 6, 2016 to July 6, 2017. No such allegations exist in Plaintiff's SAC.

                b.   <u>Sufficiency of the Allegations</u>

The FDCPA prohibits "debt collectors" from communicating with a consumer in connection with the collection of a debt if the collector knows an attorney represents the consumer, unless the attorney fails to respond within a reasonable period of time or the attorney consents to communication with the consumer. 15 U.S.C. § 1692c(a)(2).

Defendants dispute whether Plaintiff alleged sufficient facts to qualify Select Portfolio as a "debt collector," as defined by the FDCPA. Mot. at 5-6; 15 U.S.C. § 1692a(6). Plaintiff's SAC alleges that Select Portfolio is a debt collector, citing two unpublished cases from other district courts. <u>See</u> SAC at 2-3 (citing <u>Reed v. Select Portfolio Servicing, Inc.</u>, No. 1:16-CV-310, 2017 WL 663139 (E.D. Tenn. Feb. 16, 2017); <u>Wright v. Select Portfolio Servicing, Inc.</u>, No. 8:14-CV-2298-T-30TGW, 2015 WL 419618 (M.D. Fla. Feb. 2, 2015)). Neither <u>Reed</u> nor <u>Wright</u> arose in California and applied Ninth

Circuit law. Accordingly, these cases have no precedential value to the Court in adjudicating the matters in this case.

The factual allegations supporting Plaintiff's FDCPA claim are as follows:

> In early 2015 SPS was placed on notice that William D. McCann, Esq., a licensed Nevada counsel was Plaintiff's attorney of record. Nonetheless, during the years 2015-2016 SPS attempted numerous contacts with Plaintiff without notifying her counsel, made numerous harassing telephone calls to Plaintiff without leaving contact information where representatives could be reached, and send her harassing correspondence all in violation of 15 U.S.C. 1692(c)(a)(2) [sic] and Rosenthal. Many of these occurred within 1 (one) year of filing of this complaint.

SAC at 3-4. These allegations do not provide sufficient information about the manner, method, and content of the notice that McCann, an attorney whom Defendants contend is "delicensed" to practice law in California,[3] provided Select Portfolio to put the servicer on notice regarding his representation of Plaintiff.

---

[3] The Ninth Circuit has determined that the information contained on the California State Bar website is subject to judicial notice. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). Here, attorney William D. McCann's California State Bar records indicate that he was suspended in 2005 following a conviction for filing a false tax return and tendered his resignation from the California Bar in February 2007, with disciplinary charges pending. See Attorney Search: William Denis McCann—#51902, THE STATE BAR OF CALIFORNIA, http://members.calbar.ca.gov/fal/Licensee/Detail/51902 (last visited August 22, 2018). The Property is located in California and the state court complaint that initiated these proceedings was filed in a California state court. See Compl., ECF No. 1. California prohibits individuals from practicing law in state courts unless they are active members of the bar. Cal. Bus. & Prof. Code § 6125; Birbrower, Montalbano, Condon & Frank v. Superior Court, 949 P.2d 1, 5 (Cal. 1998), as modified (Feb. 25, 1998) (interpreting what it means to "practice law in California").

7

The allegations also fail to detail the subject of Select Portfolio's calls. An entity is not a debt collector if its "only role in the debt collection process is the enforcement of a security interest" or if it was providing notice of the non-judicial foreclosure of the mortgagor's property. Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 572-74 (9th Cir.), cert. denied sub nom. Ho v. ReconTrust Co., 138 S. Ct. 504 (2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."). Accordingly, Plaintiff has failed to plead sufficient facts necessary to maintain an actionable claim under the FDCPA.

In sum, Plaintiff has not provided the requisite information to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Echlin v. PeaceHealth, 887 F.3d 967, 977 (9th Cir. 2018) (citing Fed. R. Civ. P. 8(a)(2)). The Court therefore dismisses Plaintiff's FDCPA claim.

### 2. Count III: The Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")[4]

Plaintiff's second claim arises under California's Rosenthal Act, Cal. Civ. Code § 1788.14(c), against Defendants. SAC at 4-5. Plaintiff's Rosenthal Act claim alleges Defendant Select Portfolio contacted her after she retained counsel, causing her "great emotional damage." Id. The claim makes the conclusory assertion that both Defendants are debt collectors

---

[4] Plaintiff's SAC does not include a second cause of action, going directly from "Count I" to "Count III."

under the Rosenthal Act. Id.

Defendants argue that this claim fails for similar reasons to Plaintiff's first claim: that they do not qualify as debt collectors under the Rosenthal Act. Mot. at 7-8. They cite to Lal v. American Home Servicing, Inc. for the proposition that California's Rosenthal Act mirrors the FDCPA. Mot. at 7 (citing Lal, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)). Plaintiff counters that the California Court of Appeals recently held in Davidson v. Seterus, Inc., that "the Rosenthal Act's definition of 'debt collector' applies to a mortgage servicer who engages in debt collection practices in attempting to obtain repayment of mortgage debt[.]" 21 Cal. App. 5th 283, 304-05 (Ct. App. 2018), review denied (June 13, 2018).

Here, Plaintiff has not alleged specific facts demonstrating that Defendants engaged in debt collection practices in violation of the Rosenthal Act. She alleges only the legal conclusion that Select Portfolio violated section 1788.14(c) of the Rosenthal Act, without stating any specific instances or dates. Just as the Court found regarding her FDCPA claim, Plaintiff's claim is too vague and conclusory to properly put Defendants on notice of her Rosenthal Act claim. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Rosenthal Act claim.

   3. Count IV: 12 U.S.C. § 2605(K)

Plaintiff's third claim alleges a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. 2605(k), for Defendants' failure to respond to a Qualified Written Request for information "[b]eginning in 2015." SAC at 5. She alleges that

she suffered "severe emotional injury" as a result of Defendants' failure to respond to her requests within five business days and is entitled to her attorneys' fees. Id.

Plaintiff brings this claim against former Defendant Bank of America, as well as Select Portfolio and Wells Fargo. Id. The plain language of the section, titled "Servicer prohibitions," make it abundantly clear that this section can only apply to servicers. 12 U.S.C. § 2605(k)(1). Plaintiff cannot bring this claim against a trustee, such as Wells Fargo, who is not alleged to have been her mortgage servicer. (Similarly, she may not bring it against the Defendant she previously dismissed from this action, Bank of America.)

Plaintiff can only recover (1) "any actual damages" resulting from Select Portfolio's failure to timely respond, and (2) an amount not to exceed $2,000 if Select Portfolio engaged in a pattern or practice of noncompliance. 12 U.S.C. § 2605(k)(1). Plaintiff's vague and conclusory allegation that she "suffered severe emotional injury as a result of the violation" does not contain sufficient facts to establish whether there was a causal link between the servicer's noncompliance with RESPA and Plaintiff's alleged damages. See, e.g., Marquette v. Bank of Am., N.A, No. 13CV2719-WQH-JMA, 2015 WL 461852, at *14 (S.D. Cal. Feb. 4, 2015) (allowing a claim of emotional damages resulting from RESPA violation to go forward where the plaintiff detailed how the violation caused his harm). This claim fails and is dismissed as to Defendants.

///

///

### 4. Count VI: Quiet Title[5]

Plaintiff's quiet title claim alleges that the "first deed of trust burdening the PROPERTY is an illegal security interest for the reasons set forth, supra," and "Plaintiff therefore requests an order quieting her title in the subject property, and striking the deed of trust from the recorded liens against the property." SAC at 6.

Defendants assert that Plaintiff has failed to state a quiet title claim. Mot. At 9. Under California law, to state a claim for quiet title the plaintiff must include the following in a verified complaint: (1) a description of the property, both legal description and street address; (2) the title of the plaintiff, and the basis for that title; (3) the adverse claims to the plaintiff's title; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the plaintiff's title against the adverse claims. Monreal v. GMAC Mortg., LLC, 948 F. Supp. 2d 1069, 1079 (S.D. Cal. 2013) (citing Cal. Civ. Proc. Code § 761.020). "In addition, under California law, a plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed." Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009).

Plaintiff argues that "[i]t does not take Cardozo-like legal skills to plead a cause of action for quiet title." Opp'n at 14. While that reasoning is correct, it does take more than

---

[5] Plaintiff withdrew "Count V," alleging a claim for damages pursuant to California Civil Code § 1750 against Defendants. Mot. at 9.

11

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to plead a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's SAC falls short yet again.

Plaintiff concludes that she has properly asserted a quiet title claim because she alleged that Defendants wrongfully foreclosed upon the Property. Opp'n at 14. Such a conclusory allegation is not sufficient to state a claim for quiet title and this claim is dismissed.

### 5. Count VII: California Civil Code § 2920

In her final claim, Plaintiff alleges that Defendants violated the California Civil Code providing the definition of "mortgage." SAC at 6. She reiterates her allegations that an advertisement for a free legal consultation, sent by an unrelated third-party, led her to believe the foreclosure sale was suspended.[6] Id. at 7. The claim goes on to conclude, without supporting factual allegations, that Defendants violated "California Civil Code 2924.11(a)(b), 2923.7, or 2925B(2)e, 2924(11) a through g inclusive." As Defendants point out, several of these code sections do not actually exist. Mot. at 11.

In her Opposition, Plaintiff reframes her final claim as

---

[6] Plaintiff alleges this advertisement was "purportedly from the Wolf Law Firm" and similarly questions whether Wells Fargo sent the advertisement. SAC at 7 ¶ 34. The clear and unambiguous sender of this advertisement was a third-party law firm, as stated explicitly within the advertisement. Compl., Ex. B. ("This information was obtained through public records. We are not an [sic] affiliated nor associated with the lender listed above or any Government agency.").

12

arising under California Civil Code § 2923.55, rather than what she stated in the SAC. Compare Opp'n at 15 with SAC at 6-7. This new theory appears to allege Select Portfolio committed fraud. Allegations of fraud must be pled with the requisite specificity the law requires. Plaintiff's allegations are completely lacking in specificity and are legally insufficient. For these reasons, the Court dismisses Plaintiff's "Civil Code 2920" claim.

    C. Leave to Amend

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Id. at 1052 (internal citation omitted). Plaintiff has had multiple opportunities to properly plead her claims against Defendants and this Court is convinced that further amendment would be futile. Accordingly, Defendants' Motion to Dismiss is granted with prejudice.

## III. ORDER

For the reasons set forth above, the Court GRANTS WITHOUT LEAVE TO AMEND Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: September 27, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE